**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: CHASSEUR REALTY INVESTORS-JACKSON, LLC**
**d/b/a FONDREN HILL APARTMENTS** **CHAPTER 11**

**Debtor** **CASE NO. 26-02239-JDW**

**VERIFIED APPLICATION OF DEBTOR TO EMPLOY ATTORNEY AND DISCLOSURE OF COMPENSATION**

COMES NOW, Chasseur Realty Investors-Jackson, LLC, d/b/a Fondren Hill Apartments debtor-in-possession ("Debtor" and/or "Chasseur"), and files this its verified application for authority to retain and employ J. Walter Newman IV of Newman & Newman, as attorney and legal counsel for the debtor-in-possession in this case, and discloses its counsels' compensation, and in support thereof would show:

1. On July 2, 2026, the debtor herein filed its original petition for reorganization under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey [Case No: 26-17694-JNP]. A Motion to Transfer Case to the Bankruptcy Court for the Southern District of Mississippi was filed on July 17, 2026 [Docket No. 21 in the District of New Jersey and Docket No. 23 in the Southern District of Mississippi]. An Order Granting Motion to Transfer Case to the Southern District of Mississippi was entered on August 19, 2026 [Docket No. 60 in the District of New Jersey and Docket No. 75 in the Southern District of Mississippi].

2. In order to facilitate the prudent performance of its duties and the successful operation of its business under the reorganization proceeding, it is necessary for the debtor-in-possession to employ legal counsel in Mississippi. The professional services for which said attorney will be retained to render shall include the following:

A. To advise and consult with the debtor-in-possession regarding questions arising from

certain contract negotiations which will occur during the operation of business by the debtor-in-possession;

B. To evaluate claims of various creditors who may assert security interests in the assets and who may seek to disturb the continued operation of the business;

C. To appear in, prosecute, or defend suits and proceedings, and to take all necessary and proper steps and other matters and things involved in or connected with the affairs of the estate of the debtor;

D. To represent the applicant in court hearings and to assist in the preparation of contracts, reports, accounts, petitions, applications, orders and other papers and documents as may be necessary in this proceeding;

E. To advise and consult with applicant in connection with any reorganization plan or sale that may be proposed in this proceeding; and

F. To perform such other legal services on behalf of applicant as they become necessary in this proceeding.

3. Applicant desires, as previously stated, to employ J. Walter Newman IV, of Newman & Newman for the performance of these legal services. This attorney, whose office is in Ridgeland, Mississippi, is fully competent to advise the debtor-in-possession on all matters which are anticipated to arise in the functioning of this case and to protect and preserve all rights of applicant and the interests of creditors. Applicant desires to employ said attorney at the following hourly rates: J. Walter Newman IV at $400.00 per hour, plus expenses and paralegal at $185.00 per hour, plus expenses. Attached as Exhibit "A" is the Verified Statement of J. Walter Newman IV in Accordance with Section 327 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

4. Robert M. Dominy, Managing Member of the Debtor advanced the retainer of $25,000.00 from his personal account on the Debtor's behalf for representation of the Debtor. In addition, Robert M. Dominy has waived his claim in this case. See attached hereto as Exhibit "B" an email from Robert M. Dominy.

5. The debtor-in-possession's counsel will bill at the rates set forth herein, and submit requests for compensation to the court for approval.

6. The attorney named above represents no interests adverse to the debtor or the estate and matters upon which he is to be engaged and the employment of the attorney would be in the best interest of this estate. No prior representations constitute representations which are prohibited or which would otherwise interfere with or hinder the performance of the duties of the attorney herein, or which need to be described further. The retainer was paid by Robert M. Dominy and Robert M. Dominy has waived his claim in this case.

7. Robert M. Dominy paid the retainer for the Debtor from his personal funds.

a. Robert M. Dominy is the Managing Member of the Debtor and is a 10% equity holder.

b. Newman & Newman's only client is the Debtor entity and not Robert M. Dominy.

c. Robert M. Dominy is represented in this matter by Sean Guy and Doug Noble with McCraney | Montagnet | Quin | Noble.

d. Robert M. Dominy has waived his claim in this bankruptcy case against this Debtor.

e. The retainer is an irrevocable third party payment not contingent on plan treatment or claims allowance.

f. The retainer is made solely for the Debtors benefit without reimbursement by the Debtor.

WHEREFORE, debtor requests that it be authorized to employ and appoint J. Walter Newman IV of Newman & Newman, as its attorney and legal counsel. Applicant further prays for such other and more general relief as the Court may deem just.

THIS, the 15th day of September, 2026.

Respectfully submitted,

**CHASSEUR REALTY INVESTORS-JACKSON, LLC**
**d/b/a FONDREN HILL APARTMENTS**

*/s/Robert M. Dominy*
Robert M. Dominy
Managing Member

and

**NEWMAN & NEWMAN**

***/s/J. Walter Newman IV***
J. WALTER NEWMAN IV
Proposed Attorney

J. Walter Newman IV, MSB# 3832
NEWMAN & NEWMAN
601 Renaissance Way, Suite A
Ridgeland, MS 39157
Telephone No. (601) 948-0586
Email: wnewman95@msn.com
Attorney for Debtor

**CERTIFICATE OF SERVICE**

I, J. WALTER NEWMAN IV, attorney for Debtor, do hereby certify that I have this date transmitted *via* Electronic Case Filing, as it appears on this date in the Court registered e-filers of CM/ECF and/or *via* U. S. Mail, postage prepaid, a true and correct copy of the foregoing Pleading to the following:

Office of the Untied States Trustee
USTPRegion05.JA.ECF@usdoj.gov

Abigail M. Marbury
abagail.m.marbury@usdoj.gov

THIS, the 15th day of September, 2026.

***/s/J. Walter Newman IV***
J. WALTER NEWMAN IV

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: CHASSEUR REALTY INVESTORS-**
**JACKSON, LLC**
**d/b/a FONDREN HILL APARTMENTS** **CHAPTER 11**

**Debtor** **CASE NO. 26-02239-JDW**

**VERIFIED STATEMENT OF J. WALTER NEWMAN IV IN ACCORDANCE WITH SECTION 327 OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

J. WALTER NEWMAN IV states as follows:

1. I am a principal in the firm of Newman & Newman and am duly authorized to make this statement on behalf of Newman & Newman. I make this statement in support of the Application of Debtor and Debtor in Possession for an Order Authorizing the Debtor to retain and engage Newman & Newman as its Attorney (the "Application"). The facts set forth in this statement are personally known to me and, if called as a witness, I would testify thereto.

2. Neither I, Newman & Newman, nor any of its professionals, insofar as I have been able to ascertain, has any connection with the Debtor, its creditors, the United States trustee or any other party with an actual or potential interest in this Chapter 11 case except as set forth below:

a. Newman & Newman is not and has not been employed by any entity, other than the Debtor, in matters related to this Chapter 11 case. Robert M. Dominy, Managing Member is a creditor of the Debtor and paid the initial $25,000.00 retainer. However, Robert M. Dominy has waived his claim in this Bankruptcy Case.

b. Newman & Newman has not performed services for creditors of the Debtor in matters unrelated to this case. As set forth below, Newman & Newman has undertaken a detailed search to determine, and to disclose, whether it is performing services for any significant creditor or insiders in such unrelated matters.

**Exhibit "A"**

3. In connection with its proposed retention by the Debtor in this case, Newman & Newman researched its client databases to determine whether it has any connection with the following entities:

a. the Debtor and its affiliates;

b. the Debtor's officers and directors;

c. the 20 largest unsecured creditors of the Debtor;

d. parties to significant litigation with the Debtor;

e. the attorneys and other professionals that the Debtor has sought authority to employ in this Chapter 11 case in the applications filed on the Petition Date; and

f. the Debtor's material secured lenders.

4. Neither I, Newman & Newman, nor any of its professionals, insofar as I have been able to ascertain, hold or represent any interest adverse to the Debtor or its estate. Accordingly, I believe that Newman & Newman is a "disinterested person," as defined in Section 101(14) of the Bankruptcy Code. The Debtor, however, has numerous relationships and creditors. If Newman & Newman discovers any information that is contrary to or in addition to the statements made herein, Newman & Newman will disclose such information to the Court promptly.

5. Newman & Newman is not a creditor of the Debtor or any non-debtor affiliate.

6. The proposed employment of Newman & Newman is not prohibited by or improper under Bankruptcy Rule 5002. Newman & Newman is qualified to represent the Debtor in the matters for which Newman & Newman is proposed to be employed.

7. Robert M. Dominy paid the retainer for the Debtor from his personal funds.

a. Robert M. Dominy is the Managing Member of the Debtor and is a 10% equity holder.

b. Newman & Newman's only client is the Debtor entity and not Robert M. Dominy.

c. Robert M. Dominy is represented in this matter by Sean Guy and Doug Noble with McCraney | Montagnet | Quin | Noble.

d. Robert M. Dominy has waived his claim in this bankruptcy case against this Debtor.

e. The retainer is an irrevocable third party payment not contingent on plan treatment or claims allowance.

f. The retainer is made solely for the Debtors benefit without reimbursement by the Debtor.

______________________________
J. WALTER NEWMAN IV

Dated:___ September, 2026.

Sworn to and subscribed before me on this ____ day of September, 2026.

______________________________
Notary Public

My Commission Expires:

______________________

Outlook

**Fondren**

**From** rmd@chasseurrealtyinvestors.com <rmd@chasseurrealtyinvestors.com>
**Date** Mon 9/14/2026 2:21 PM
**To** wnewman95@msn.com <wnewman95@msn.com>; sguy@mmqnlaw.com <sguy@mmqnlaw.com>; dnoble@mmqn.com <dnoble@mmqn.com>

To whom it may concern:

Please be advised that I hereby waive my claim as a creditor in the bankruptcy case of Chasseur Realty Investors- Jackson.

Sincerely,

Robert M. Dominy
Chief Executive Officer
Chasseur Realty Investors, LLC

**Exhibit "B"**